IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY ALEXANDER, | |
| PLAINTIFF, | |
| v. | Civil Action No. _____ |
| MOORE ENTERPRISES, | JURY TRIAL DEMANDED |
| and | |
| KEVIN MOORE, | |
| DEFENDANTS. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Troy Alexander by and through his attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, liquidated damages, attorneys' fees and other relief on behalf of Plaintiff Troy Alexander, who was formerly employed by Moore Enterprises and who was supervised in his position by Defendant Kevin Moore.  Mr. Alexander has been harmed by Defendants' discrimination and harassment on the basis of his disability or perceived disability, retaliation for his seeking a reasonable accommodation of a disability or perceived disability, and by Defendants' retaliation against Mr. Alexander for seeking or attempting to seek workers' compensation benefits.  Additionally, Defendants failed and refused to pay Mr. Alexander his earned wages within the time prescribed by law despite his demands that payment be made.  By failing to pay Mr. Alexander any wages for periods he worked, Moore Enterprises violated

state law mandating that employees be paid at least a minimum wage for work performed.

2.   This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq., as amended ("WPCL"), the Pennsylvania Minimum Wage Act, 43 Pa.C.S. § 333.101, as amended ("PMWA"), and the Common Law of the Commonwealth of Pennsylvania.

## JURISDICTIONAL STATEMENT

3.   This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4.   The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5.   This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6.   All conditions precedent to the institution of this suit have been fulfilled.  On January 27, 2017, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC").  On January 25, 2018, the EEOC issued a Notice of Right to Sue to Plaintiff.  This action has been filed within ninety (90) days of Plaintiff's receipt

of said Notice.  With respect to the Pennsylvania Human Relations Act claims contained herein, Plaintiff's Charge of Discrimination was dual-filed as a Complaint with the PHRC more than one year ago.

## VENUE

7.  This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because the claim arose in this judicial district.

## PARTIES

8.  Plaintiff Troy Alexander is an adult male citizen and resident of Philadelphia, Pennsylvania and the United States of America.

9.  Mr. Alexander is a qualified individual with a disability.

10. More specifically, Mr. Alexander severely injured his back at work on or about September 1, 2016.

11. Mr. Alexander's disability affects one or more major life activities including, but not limited to, his ability to perform repetitious movements, manual tasks, continuous stooping, walking, standing, lifting, working and bending.

12. It is not known exactly how long Mr. Alexander's impairment will last, but it has already lasted for a period far longer than six months and continues to plague Mr. Alexander.

13. During his employment with Moore Enterprises, Moore Enterprises and Kevin Moore regarded Mr. Alexander as disabled.

14. Defendant Moore Enterprises ("Moore") is a business entity duly organized and existing under state law that conducts business in Pennsylvania.  Defendant conducts business from 110 Cheswick Drive, North Wales, Pennsylvania 19454.

Defendant has a business mailing address at P.O. Box 1242, North Wales, Pennsylvania 19454.

15. At all relevant times, upon information and belief, Defendant Moore is and has been an employer employing more than 20 employees.

16. At all relevant times, Defendant Moore acted by and through its authorized agents, servants and/or employees acting within the course and scope of their employment with Moore and in furtherance of Moore's business.

17. Defendant Kevin Moore ("Mr. Moore") is the owner of Moore Enterprises, who acted as Plaintiff's supervisor, and who has an address at 110 Cheswick Drive, North Wales, Pennsylvania 19454.  Defendant Kevin Moore has a business mailing address at P.O. Box 1242, North Wales, Pennsylvania 19454.

18. Mr. Moore aided and abetted the discrimination, harassment and retaliation alleged herein.

19. Mr. Moore was a decision maker with respect to the decision to withhold Mr. Alexander's earned wages.

20. At all times relevant hereto, Plaintiff Troy Alexander was an "employee" of Defendants within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

21. At all relevant times Defendants each are and have been "employers" and/or "persons" under the laws at issue in this suit and are accordingly subject to the provisions of said laws.

## FACTS

22. Mr. Alexander was hired by Defendant Moore on or about November 17, 2014 as a cleaner.

23. During his employment with Moore, Mr. Alexander was never written up and performed his duties in a satisfactory and professional manner.

24. Despite this, Mr. Alexander was subjected to discrimination on the basis of a disability or perceived disability, and was terminated as a result of discrimination, in retaliation for his seeking a reasonable accommodation of a disability or perceived disability, and in retaliation for seeking or attempting to seek workers' compensation benefits.

25. More specifically, Mr. Alexander severely injured his back at work on or about September 1, 2016.

26. Mr. Alexander called his supervisor, Kevin Moore, that day to notify Moore of his injury.

27. During that conversation, Mr. Moore instructed Mr. Alexander not to file a workers' compensation claim.

28. Mr. Alexander questioned whether Moore carried workers' compensation insurance and was assured by Mr. Moore that Moore did, in fact, have workers' compensation insurance, but that Mr. Alexander should not file a claim because it would take a long time and it would be bad for the company.

29. Mr. Alexander explained that he carried his own health insurance, but that he felt he should not have to use his own insurance and should be able to seek workers' compensation insurance benefits since the accident and injury had occurred while he was working for Moore.

30. Mr. Moore again instructed Mr. Alexander not to file a workers' compensation claim.

31. Mr. Alexander informed Mr. Moore that he would be seeing a doctor for the injury.

32. On September 5, 2016, Mr. Alexander communicated to Mr. Moore by text message that his back had gotten progressively worse and that he would be unable to make it to work the following day, September 6, 2016.

33. Mr. Moore then immediately terminated Mr. Alexander on September 5, 2016, also by text message, within a week of Mr. Alexander informing Mr. Moore of his workplace injury, within a week of Mr. Alexander indicating his intent to seek workers' compensation, and within hours of Mr. Alexander seeking one day off of work to deal with a serious workplace injury and disability.

34. The proximity in time between Mr. Alexander's notifying Moore of his workplace injury, requesting an accommodation, and his termination alone is sufficient and unusually suggestive enough to support a finding that Mr. Alexander was terminated as a result of discrimination and retaliation.

35. In response to his text message informing Mr. Moore of his need to take off time to deal with his workplace injury, itself a disability, Mr. Moore immediately terminated Mr. Alexander.

36. Defendant Moore discriminated against Mr. Alexander on the basis of his disability or perceived disability, retaliated against Mr. Alexander for seeking reasonable accommodation of a disability or perceived disability, and retaliated against Mr. Alexander for seeking workers' compensation benefits in violation of the ADA, the PHRA and Pennsylvania Common Law.

37. Mr. Moore aided and abetted discrimination and retaliation as alleged herein.

38. In addition to terminating Mr. Alexander in violation of the ADA, the PHRA and controlling Pennsylvania Common Law, Moore has also illegally and wrongfully withheld Mr. Alexander's earned wages in violation of the WPCL and failed to pay him the minimum wage required by the PMWA.

39. More specifically, Mr. Alexander is owed one week of wages due to a one week lag in Moore's pay cycle and one month of wages for the work he performed, but for which he has not been paid, for the entire month of August of 2016.

40. Mr. Moore was the decision maker with respect to the decision to withhold Mr. Alexander's earned, but unpaid wages.

41. Despite repeated requests from Mr. Alexander that the above-described wages be paid, Moore has not paid any portion of the wages due to Mr. Alexander for the time he worked, but for which he was never paid.

42. Moore has not given written notice of the amount of wages it concedes are due, nor paid such amount without condition within the time set by the WPCL.

43. There is no good faith dispute that the wages described above are owed to Plaintiff.

44. By failing to pay Mr. Alexander at least the minimum hourly wage mandated by the PMWA for the above-described time for which Mr. Alexander was paid nothing at all, Moore has also violated the PMWA.

45. Mr. Alexander has suffered mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendants.

46. Mr. Alexander has suffered financial losses as a proximate result of the actions and inactions of Defendants.

## COUNT I
### The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.
**(Plaintiff v. Defendant Moore Enterprises)**

47. Plaintiff Troy Alexander repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

48. Based on the foregoing, the Defendant Moore has engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

49. In discriminating against Mr. Alexander because of his disability or perceived disability, and in retaliating against Mr. Alexander for seeking accommodation of his disability or perceived disability, Defendant Moore violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

50. Said violations were intentional and willful.

51. Said violations warrant the imposition of punitive damages.

52. As the direct and proximate result of Defendant Moore's violations of the ADA, Plaintiff Troy Alexander has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon and has incurred attorneys' fees and costs.

## COUNT II
### Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.
**(Plaintiff v. All Defendants)**

53. Plaintiff Troy Alexander repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

54. Based on the foregoing, Defendant Moore engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

8

55. In discriminating against Mr. Alexander because of his disability or perceived disability, and in retaliating against Mr. Alexander for seeking accommodation of his disability or perceived disability, Defendant Moore violated the Pennsylvania Human Relations Act.

56. Mr. Moore aided and abetted Moore's violations of the PHRA.

57. As the direct and proximate result of Defendants' violations of the Pennsylvania Human Relations Act, Plaintiff Troy Alexander has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon and has incurred attorneys' fees and costs.

### COUNT III
**Pennsylvania Minimum Wage Act, 43 Pa.C.S.A. § 333.101 et seq.**
**(Plaintiff v. Defendant Moore Enterprises)**

58. Plaintiff Troy Alexander repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

59. During the course of his employment with Moore, Mr. Alexander was an employee within the meaning of the PMWA.

60. Plaintiff is a party to whom a minimum hourly wage is owed.

61. Defendant Moore is an employer within the meaning of the PMWA.

62. Mr. Alexander worked for Defendant Moore for the entire month of August of 2016 and one additional week for which he was not compensated.

63. Defendant Moore failed to compensate Plaintiff at the minimum hourly wage for all hours worked in the entire month of August of 2016 and one additional workweek.

64. Defendant Moore's conduct, as aforesaid, in not paying Mr. Alexander at least the minimum hourly wage, is a violation of the PMWA.

65. Defendant Moore's acts were willful, as Defendant knew or should have known of the PMWA's requirements.

66. As a result of Defendant's PMWA violations, as aforesaid, Plaintiff is entitled to recover lost wages, an additional amount as punitive and/or liquidated damages, his reasonable attorneys' fees, interest and costs of this action, along with any other relief available under the PMWA or that the Court deems just and proper.

**<u>COUNT IV</u>**
**Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 <u>et seq.</u>**
**(Plaintiff v. All Defendants)**

67. Plaintiff Troy Alexander repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

68. Defendant Moore is an employer with the meaning of 43 Pa.C.S. § 260.2a of the WPCL.

69. Defendant Kevin Moore is a decision maker with respect to the decision to withhold Mr. Alexander's earned, but unpaid wages.

70. Defendants violated the Pennsylvania Wage Payment and Collection Law ("WPCL") when they failed to pay Mr. Alexander his wages within the time specified by law.

71. Defendants willfully failed to pay Plaintiff wages earned as defined by the WPCL during the course of his employment within the time limits prescribed by the WPCL.

72. Following the termination of Plaintiff's employment, Defendants willfully failed to pay Plaintiff wages earned within the time limits prescribed by the WPCL.

73. Defendants failed to pay wages due for a period in excess of thirty (30) days beyond regularly scheduled paydays.

74. Defendants did not pay the undisputed amount of Mr. Alexander's earned wages, despite Mr. Alexander's demands that payment be made.

75. Plaintiff Troy Alexander has been damaged as a result of Defendants' failure to pay wages due.

76. As the direct and proximate result of Defendants' violations of the Pennsylvania Wage Payment and Collection Law, Plaintiff is entitled to recover his unpaid wages, liquidated damages in the amount of 25% of the total amount of wages due, his reasonable attorneys' fees, interest and costs, along with any other relief available under the WPCL or that the Court deems just and proper.

**COUNT V**
**Wrongful Termination**
**(Plaintiff v. Defendant Moore Enterprises)**

77. Plaintiff Troy Alexander repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

78. Defendant Moore terminated Mr. Alexander almost immediately after becoming aware that Mr. Alexander had suffered a workplace injury and intended to seek workers' compensation benefits.

79. Defendant Moore terminated Mr. Alexander in retaliation for Mr. Alexander's seeking or attempting to seek workers' compensation benefits.

80. Defendant Moore terminated Mr. Alexander in violation of Pennsylvania public policy prohibiting employers from retaliating against employees for seeking or attempting to seek to file workers' compensation claims.

81. The above described conduct of Moore constituted wrongful termination of Plaintiff.

82. As a result of his wrongful termination, Mr. Alexander has suffered financial losses including, among other things, lost wages.

83. As a result of his wrongful termination, Mr. Alexander has incurred an obligation for attorneys' fees and costs.

84. As a result of his wrongful termination, Mr. Alexander has suffered emotional and psychological distress.

## PRAYER FOR RELIEF

85. Plaintiff Troy Alexander repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff Troy Alexander respectfully requests that this Court enter judgment in his favor and against Defendants and Order:

   a. Appropriate equitable relief, including reinstatement or front pay;

   b. Defendants compensate Plaintiff Troy Alexander with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination and retaliation;

   c. Defendants compensate Plaintiff Troy Alexander with the wages and other benefits and emoluments of employment lost because of their unlawful conduct;

   d. Defendants pay Plaintiff Troy Alexander punitive damages;

e.  Defendants pay Plaintiff Troy Alexander compensatory damages for
    future pecuniary losses, pain and suffering, inconvenience, mental
    anguish, loss of employment and other nonpecuniary losses as allowable;

f.  Defendants pay Plaintiff Troy Alexander his earned but unpaid wages and
    liquidated damages on this amount as allowable;

g.  Defendants pay Plaintiff Troy Alexander's attorneys' fees;

h.  Plaintiff be granted any and all other remedies available pursuant to the
    ADA, the PHRA, the WPCL, the PMWA, Pennsylvania Common Law;
    and

i.  Such other and further relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Troy Alexander hereby demands trial by jury as to all issues so triable.

James A. Bell IV, Esquire
Pa. Attorney I.D. No.  81724
Christopher A. Macey, Jr., Esquire
Pa. Attorney I.D. No. 207800
Bell & Bell LLP
1617 JFK Blvd. – Suite 1254
Philadelphia, PA 19103
(215) 569-2500

Attorneys for Plaintiff Troy Alexander

DATED:      April 24, 2018